### McLean, Receiver, *v.* Couper Milling Co.

*(Supreme Court, General Term, First Department.  May 15, 1891.)*

TAXATION—WHERE ASSESSED—PROPERTY OF CORPORATION.

> 2 Rev. St. N. Y. (8th Ed.) p. 1094, § 6, provides that "all the personal estate of every incorporated company liable to taxation on its capital shall be assessed in the town or ward where the principal office or place for transacting the financial concerns of the company shall be."  Defendant's president, in a sworn statement in a return to tax commissioners, stated that "the principal office," etc., "of the said corporation, is situated in the —— ward of the city of New York," etc.   In the affidavit of the same person to defendant's answer to the petition in this proceeding, it was stated that the principal office of defendant was in Tarrytown, Westchester county, N. Y.   *Held,* that such latter statement was discredited by the affidavit to the tax return, and that defendant's place of business, for purposes of taxation, was properly taken to be in the city of New York.

Appeal from special term, New York county.

Petition by George W. McLean, receiver of taxes, to enforce the payment of a personal property tax imposed upon the Couper Milling Company.   Said company appeals from an order imposing a fine for its neglect and refusal to pay such tax.   2 Rev. St. N. Y. (8th Ed.) p. 1094, § 6, provides that "all the

personal estate of every incorporated company shall be assessed in the town or ward where the principal office or place for transacting the financial concerns of the company shall be."

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Sutherland Tenney*, for appellant.    *John G. H. Meyers*, for respondent.

DANIELS, J. The petition upon which the proceeding was commenced sets forth the assessment of the personal property of the company, and the extension of a tax on the basis of the assessments. It is also stated that the necessary publications of notices were made, resulting in the final confirmation of tax as it has since been permitted to stand; and after its confirmation was made by the board of aldermen, and the roll was returned to the receiver of taxes with a warrant for their collection, notices thereof were stated to have been regularly published; and that, thereafter the other notices required to be given were in like manner published. It was also averred that the receiver had caused payment of this tax to be demanded, and that the marshal, having the warrant for its collection, had also demanded payment from the company, and that it had been refused. The proceedings, as they are set forth in the petition, seem to have complied with the law, and they were not controverted on the part of the company. But payment of the tax was resisted, and the application was opposed on the statement contained in the affidavit of the president of the company, denying the allegation contained in the petition, "that in the year 1889, the Couper Milling Company was a moneyed or stock corporation, having its principal office or place for transacting its financial concerns in the city of New York." And it was added that Tarrytown, in the county of Westchester, is designated in the certificate of incorporation as the place of business of the company, and the functions of the company have been carried on there. But, as a matter of fact, this statement was overcome in its effect by the sworn statement of the same person, who in his return to the commissioners of taxes and assessments stated that, "the principal office, or the place of transacting the financial business of the said corporation, is situated in the —— ward of the city of New York, at No. 24 Manhattan Market street, West 34th street." This wholly discredited the affidavit made by him, and justified the court in believing that to be the principal office for transacting the financial business of the company, and in imposing the fine mentioned in the order for the non-payment of the tax. That was the only contested fact on the hearing, and in this condition of the proofs it was required to be determined in favor of the receiver. The order should be affirmed, but, as one of the statements was left incomplete in the petition, which on account of the importance of the proceedings ought to have been more carefully drawn, it should be without costs.