McLEAN, Receiver of Taxes, v. WYANDANCE BRICK & TERRA COTTA CO.

*(Supreme Court, General Term, First Department.*   November 18, 1892.)

TAXATION—CORPORATIONS—WHERE TAXABLE.

    2 Rev. St. (Banks' 8th Ed.) p. 1094, § 6, provides that the place where a company's personal estate shall be assessed is where its "principal office or place for transacting its financial concerns" is, or, if no such place, then where "the operations of such company are carried on." *Held* that where, on petition to enforce a personal tax on a corporation, a statement that it had its chief place of transacting its financial concerns in New York was not denied, but was supported by the return made by the company to the commissioner of taxes that year, it will be assumed that its principal office was in New York, though it appears that the certificate of incorporation, which was not in evidence, was filed in another county.

Appeal from special term, New York county.

Petition of George W. McLean, as receiver of taxes, to enforce a personal tax on the Wyandance Brick & Terra Cotta Company.   From an order enforcing the tax, defendants appeal.   Affirmed.

Argued before O'BRIEN and BARRETT, JJ.

*D. G. Harrman,* for appellant.   *John G. H. Meyers,* for respondent.

BARRETT, J.   The appellant claims that it is not taxable in this county, for the reason that its certificate of incorporation was not filed here, but was filed in the clerk's office of the county of Suffolk, and that such certificate states that "the name of the town and county in which the operations of the said company are to be carried on is town of Babylon, county of Suffolk." Upon this state of facts, the appellant contends that its case comes within the authorities holding that the location, for the purpose of taxation, of a manufacturing corporation organized under the general act of 1848, (chapter 40,) is the place designated in its certificate as that where the operations of the company are to be carried on.   *Starch Co.* v. *Dolloway,* 21 N. Y. 449; *Union Steamboat Co.* v. *City of Buffalo,* 82 N. Y. 351; *Manufacturing Co.* v. *Coleman,* 44 Hun, 545.   This contention is not well founded, for two reasons:   *First,* the appellant fails to show that it was incorporated under the act of 1848; and, *second,* no copy of the certificate having been presented in opposition to the motion, we cannot assume that such certificate is silent as to the company's principal office or place for transacting its financial concerns.   It may well be that the certificate fixes the company's principal office or place for transacting its financial concerns, as well as the county in which its operations are to be carried on.   The respondent's petition states that, "in the year 1890, the Wyandance Brick & Terra Cotta Company was a moneyed or stock corporation, having its principal office or place for transacting its financial concerns in the city of New York."   This statement is not denied, and it is supported by the return made by the company for the year in question, which was filed in the office of the commissioner of taxes and assessments.   The case is thus taken out of the rule laid down in *Starch Co.* v. *Dolloway, supra,* and is brought within the Revised Statutes and the case of *McLean* v. *Milling Co.,* (Sup.) 14 N. Y. Supp. 509, affirmed 133 N. Y. 603, 30 N. E. Rep. 1149.   The provision of the Revised Statutes is as follows:   "All the personal estate of every incorporated company liable to taxation on its capital shall be assessed in the town or ward where the principal office or place for transacting the financial concerns of the company shall be;

or, if such company have no principal office or place for transacting its financial concerns, then in the town or ward where the operations of such company shall be carried on." 2 Rev. St. (Banks' 8th Ed.) p. 1094, § 6. The facts of this case are almost precisely similar to those in *McLean* v. *Milling Co., supra.* The petition of the receiver of taxes there, as here, stated that the company was a moneyed or stock corporation having its principal office or place for transacting its financial concerns in the city of New York. The latter statement was denied by the president of the company, but the court held that his statements were discredited and overcome by a return made to the commissioners similar to that which was made in this case. Here the affidavit of the treasurer, filed in opposition to the motion, fails to meet the material averments of the petition either by positive denial or by the statement of affirmative facts. It is not necessary, therefore, to discredit his affidavit in order to sustain the proceeding. The proof is clear as to the company's principal office or place for transacting its financial concerns, and we are not informed whether this principal office was or was not fixed in its certificate. The language of FINCH, J., in *Union Steamboat Co.* v. *City of Buffalo, supra,* is therefore applicable: "If the company had a principal office, fixed by its certificate, that, and that only, was its residence for purposes of taxation. If it had no principal office, so located by its certificate, then it was to be taxed where its financial concerns were transacted." The point with regard to the defects in the petition need not be specially considered. It is the same form of petition as was sustained in *McLean* v. *Milling Co., supra,* and it is sufficient. The order appealed from should therefore be affirmed, with $10 costs and disbursements.